IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICARDO FOX, JR.,                        \*

  v.                                         \* CIVIL ACTION NO. RWT-13-449

BOBBY P. SHEARIN,                     \*
                                              \*\*\*\*\*\*

**MEMORANDUM OPINION**

On February 11, 2013, Petitioner Ricardo Fox, Jr., filed the instant 28 U.S.C. § 2254 habeas corpus petition attacking his convictions for first-degree murder and related offenses entered in 2009 in the Circuit Court for Queen Anne's County. ECF No. 1. For the reasons that follow, the petition will be denied without prejudice as unexhausted.

Petitioner indicates that he proceeded by way of a jury trial. His conviction was affirmed by the Maryland Court of Special Appeals. On June 25, 2012, the Maryland Court of Appeals declined to grant certiorari. *Id*. As of the filing of the instant Petition, Fox indicates he had not instituted state post-conviction proceedings. He indicates that he seeks to file the instant proceeding in order to preserve his federal review rights while he institutes and exhausts his state post-conviction remedies. *Id*.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for

leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Pro. Art., §§ 7-101-7-301 and § 7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See Sherman v. State*, 593 A. 2d 670, 670-71 (1991).  If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals.  *See Grayson v. State,* 728 A.2d 1280, 84085 (1999).  Fox has not completed post-conviction review and his petition here shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state remedies.[1]

Fox is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[2]  Should he wish to refile this petition once he has

---

[1] Petitioner indicates that he filed the instant Petition in order to have his case stayed pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  Stay and abeyance is only appropriate when the Court determines there is good cause for Petitioner's failure to first exhaust his claim in state court. Such is not the case here as Petitioner still has time within which to file his post-conviction petition in state court prior to the expiration of his federal statute of limitation. The Court is mindful that the time period is short; however, Petitioner has offered no justification for his delay in instituting state post-conviction proceedings and there is no evidence that Petitioner is unable to file the state proceeding in order to toll the federal limitations period. In light of the foregoing, a stay and abeyance will not be granted.

[2] This section provides:

> (1)     A 1-year period of limitation shall apply to an application  for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

exhausted his available state court remedies, Fox should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The court will not issue a COA because Petitioner has not made the requisite showing.

A separate order follows.

Date: April 3, 2013

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.